IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JACQUALYNN GARRISON and
OSAMAH A. BAKRI                                                                PLAINTIFFS

V.                                CASE NO. 5:18-CV-05084

DEUTSCHE BANK NATIONAL TRUST, et al.                                DEFENDANTS

OPINION AND ORDER

Plaintiffs Jacqualynn Garrison and Osamah A. Bakri filed this *pro se* action and submitted an application to proceed in *forma pauparis* ("IFP") (Docs. 2, 8). On May 13, 2018, the Court entered an Order granting the Plaintiffs' Application to Proceed *In Forma Pauperis*. (Doc. 13). The Court also directed Plaintiffs to file an Amended Complaint. The Amended Complaint was filed on June 13, 2018, and names the following Defendants: Robert M. Wilson at Wilson and Associates, Leslie N. Mann at Mackie Wolf Zientz & Mann, P.C., Deutsche Bank National Trust, Ocwen Financial Corporation, Ocwen Loan Servicing, Kash Construction and Management, Inc., Altisource, Benton County Sheriff's Office, and Bentonville Police Department. (Doc. 14).

According to the Amended Complaint, Bakri "was unlawfully served with a Writ of Assistance at his home to evacuate his home by members of the Benton County Sheriff and later was forced by members of the police from the sheriff's office to leave the land and dwelling commonly known as 1201 SW 2nd Street, in Benton County, Arkansas." (Doc. 14 at 6). Bakri claims he was arrested for refusing to leave his home, and he further claims he was arrested and ticketed several more times that same week. He and Garrison assert that these events "resulted from a wrongful foreclosure and fraudulent conveyance of title by Defendant(s) to assume presumptive ownership by allegedly

1

enforcing a deficient Default Judgment that lacked subject matter jurisdiction and improper venue." *Id.* at 8. Plaintiffs seek compensatory and punitive damages and have also moved for a temporary restraining order and preliminary injunction. *See* Docs. 3, 7, 14.

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which a plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* Although both Plaintiffs qualify from a financial standpoint for IFP status, the face of the Amended Complaint fails to establish any plausible basis for federal subject-matter jurisdiction.

"The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). In the Amended Complaint, Plaintiffs maintain that the basis for federal jurisdiction is "[d]iversity of citizenship." *See* Doc. 14 at 4. However, diversity jurisdiction requires *complete* diversity of citizenship between the parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. *Northport Health Servs. of Ark., LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010). The Plaintiffs claim to be citizens of Arkansas. (Doc. 14 at 4, 5). They further claim that Defendants Robert M. Wilson and Leslie N. Mann are citizens of Arkansas. *Id.* at 2. Accordingly, complete diversity of citizenship does not exist. *Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997) ("It is, to say the least, well settled that federal diversity jurisdiction requires complete diversity, so that no defendant is a

citizen of the same state as any plaintiff.").

Plaintiffs also suggest in a different section of their Amended Complaint that there are multiple federal questions at issue in the case. When directed to list any "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue," they cite the following: "Rule 65 of the Federal Rules of Civil Procedure, Public Policy HJR-192,[1] CLAYTON ACT, 15 U.S.C. §§ 12-27, 29 U.S.C. §§ 52-53, 15 U.S. Code § 1692e, 42 U.S. Code § 1988 42 U.S. Code § 1986, 12 U.S. Code § 3708." (Doc. 14 at 5). Under the "well-pleaded complaint rule," federal jurisdiction pursuant to 28 U.S.C. § 1331 exists only when a federal question is presented on the face of a properly pleaded complaint. *Magee v. Exxon Corp.*, 135 F.3d 599, 601 (8th Cir. 1998).

Upon careful review of the Amended Complaint, the Court finds that the factual allegations fail to state a claim under any federal statute. Plaintiffs have—frivolously and nonsensically—cited to the Uniform Commercial Code and a litany of federal statutes in their Amended Complaint without attempting to explain how the facts of their case support a cause of action arising under these laws. Accordingly, the Amended Complaint (Doc. 14) is **DISMISSED WITHOUT PREJUDICE** as frivolous and for lack of subject matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3).

**IT IS SO ORDERED** on this 25th day of June, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

---

[1] House Joint Resolution 192 of 1933 involved the suspension of the gold standard. *H.J.R. 192*, 73d Cong. (1933). *See also Holyoke Water Co. v. American Writing Paper Co.*, 300 U.S. 324, 339 n.1 (1937) (setting forth the joint resolution).